Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 25, 2014, which, among other things, denied claimant’s application to reopen a prior decision.
The Department of Labor issued initial determinations finding, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed. Claimant requested a hearing, which was scheduled for January 3, 2011, and, following claimant’s failure to appear, the Administrative Law Judge (hereinafter ALJ) issued a default decision upholding the initial determinations. Shortly thereafter, claimant applied to reopen the default decision and a hearing was scheduled for July 7, 2011. Following claimant’s failure to appear at that hearing, the ALJ denied her application to reopen and issued a second default decision. More than two years later, in December 2013, claimant applied *1086 to reopen the second default decision. A hearing was scheduled for January 10, 2014 and, once again, claimant did not appear. Consequently, the ALJ denied claimant’s application to reopen and issued a third default decision.
Claimant appealed the third default decision to the Unemployment Insurance Appeal Board. The Board found that claimant was precluded by Labor Law § 621 (1) from taking an appeal because she did not appear at the prior hearings and the Board referred the matter back to the ALJ to treat it as an application to reopen. Following a hearing, the ALJ granted claimant’s application to reopen the third default decision, but denied her application to reopen the second default decision, upholding both the first and the second default decisions as well as the underlying determinations. This decision was subsequently upheld by the Board and claimant now appeals.
We affirm. Initially, “[t]he decision as to whether to reopen a case rests primarily within the discretion of the Board and, ‘absent a showing that the Board abused its discretion, its decision will not be disturbed’ ” (Matter of Bowe [Southern Tier Home Bldrs. Assn.—Commissioner of Labor], 121 AD3d 1150, 1151 [2014], quoting Matter of Becker [Commissioner of Labor], 108 AD3d 930, 931 [2013]; Matter of Tavares [Commissioner of Labor], 118 AD3d 1243, 1244 [2014]). “Pursuant to 12 NYCRR 461.8, a case may be reopened following a default upon a showing of good cause if such request is made within a reasonable time” (Matter of Bowe [Southern Tier Home Bldrs. Assn.—Commissioner of Labor], 121 AD3d at 1151; see Matter of Barto [Commissioner of Labor], 110 AD3d 1418, 1419 [2013]). Here, the record discloses that claimant waited more than two years before seeking to reopen the second default decision and did not articulate a persuasive reason for her delay, stating only that she was “bombarded with other things.” In view of this, there was a sound basis under 12 NYCRR 461.8 for the denial of claimant’s application to reopen this decision. Moreover, given that this denial directly implicated the initial default decision and the underlying determinations, and absent an abuse of discretion by the Board, we find no reason to disturb its decision.
Garry, J.P., Egan Jr., Rose and Lynch, JJ., concur.
Ordered that the decision is affirmed, without costs.